Fred Hershel Carmical v. Elizabeth Ann Carmical

5-4943                                              441 S.W. 2d 103

Opinion Delivered June 2, 1969

*W. W. Shepherd* for appellant.

*Russell & Hurley* for appellee.

George Rose Smith, Justice.   The parties were married in 1946 and separated in 1966.   Two years later the appellee brought this suit for a divorce on the ground

of personal indignities. By counterclaim the husband also sought a divorce, for desertion. This appeal is from a decree awarding the divorce to the plaintiff and transferring to her the title to a small dwelling house which the parties ostensibly owned as tenants by the entirety.

The plaintiff, to prove the asserted indignities, testified that her husband was a drunkard, that he drank up every cent he earned, that he contributed nothing to the maintenance of the home, that he threatened to throw her off the place, and that he frequently embarrassed her publicly by using vulgar and filthy language toward her in the presence of her friends. There was sufficient corroboration of her testimony to satisfy the familiar rule that the corroborating proof may be comparatively slight when there is no indication of collusion.

Much of the plaintiff's evidence had to do with the defendant's alleged drunken conduct. The appellant now insists that the proof was insufficient to establish the plaintiff's cause of action, because drunkenness, to be a ground for divorce, must be shown to have been habitual and to have continued for at least a year. Ark. Stat. Ann. § 34-1202 (Repl. 1962).

That argument is based upon the mistaken assumption that proof of drunken conduct is pertinent only when the asserted ground for divorce is habitual drunkenness. Such a view is too narrow. Drunken conduct may be proved along with other acts to establish indignities rendering the plaintiff's condition intolerable. By analogy, we have held that false charges of adultery constitute indignities, despite the fact that adultry is itself a ground for divorce. *Relaford* v. *Relaford,* 235 Ark. 359 S.W. 2d 801 (1962). In other jurisdictions it has frequently been held that even though habitual drunkenness is a separate ground for divorce it may also be proved to support charges of cruelty that are interwoven with such intoxicated conduct. *Hayes* v. *Hayes,* 5 Cal.

Rptr. 509 (1960); *Robbins v. Robbins,* 257 S.W. 2d 92 (Mo. App. 1953); Annotation, 76 A.L.R. 2d 419, 430 (1961). Since we agree with the chancellor's finding that the appellant's actions justified the appellee in leaving the family home, we need not discuss the appellant's contention that he should have been awarded the divorce on the ground of willful desertion.

There remains for consideration that part of the decree that vested title to the dwelling house in the appellee. According to the proof, the house was originally bought in 1966 by these litigants' daughter and son-in-law, Joyce and Harold Don Gentry. The purchasers were not yet of age; so for their convenience the title was put in the name of Joyce's father and mother, the Carmicals. The Carmicals borrowed the money to make the down payment and executed a mortgage for that debt and the unpaid balance. The Gentrys, however, were the real purchasers and made the monthly payments until they separated in 1967. By agreement with the Gentrys, Mrs. Carmical then took over the property and began making the monthly payments from her own earnings. At the time of the trial Mrs. Carmical's investment in the dwelling, including taxes, was about $1,000. Her husband was obligated on the purchase-money note and mortgage, but he had paid nothing whatever toward the acquisition of the house.

The decree was right. At first the Gentrys were the real owners, under the rule that when the grantee advances the purchase price (or obligates himself therefor) as a loan to the true purchaser, a resulting trust arises in favor of the latter, but the grantee can hold the property as security for the loan. *Crain v. Keenan,* 218 Ark. 375, 236 S.W. 2d 731 (1951). The beneficiary of a resulting trust is the real owner of the property and may transfer his interest. Restatement of Trusts (2d). § 407 (1959). Hence the Gentrys could and did relinquish their interest to Mrs. Carmical.

The decree found that the appellant should be relieved of liability on the purchase-money mortgage. He now complains that this provision will not afford him protection if the mortgagee finds it necessary to enforce the obligation. Of course that is true, but all that the chancellor could do in this case was to adjust the rights of the parties between themselves. If the appellant is required to pay part of the mortgage debt, the decree will protect his right of subrogation against the appellee and against the property. No more can be done without the mortgagee's consent, the appellant having voluntarily incurred the debt.

Affirmed. The appellee is allowed an additional attorney's fee of $250 for the services of her attorney in this court.