Toni Gale FORSGREN *v.* Larry G. FORSGREN

CA 81-292                                          630 S.W. 2d 64

Court of Appeals of Arkansas
Opinion delivered March 24, 1982

*Gene O'Daniel,* for appellant.

*Franklin Wilder,* for appellee.

JAMES R. COOPER, Judge. Appellant argues that the evidence presented in this case was insufficient to justify the granting of divorce to appellee. We disagree. Appellee sought a divorce on the grounds of general indignities under the provisions of Ark. Stat. Ann. § 34-1202 (Supp. 1981). There was sufficient testimony to indicate that appellant, during the three years of her marriage, was guilty of excessive consumption of alcohol and drugs and that this activity resulted in massive medical bills and marital problems between the parties. These allegations were corroborated by one disinterested witness, as well as the testimony of appellee's parents.

Drunken conduct may be proved, along with other acts, to establish the general indignities which have rendered the plaintiff's marital life intolerable. *Carmical* v. *Carmical,* 246 Ark. 1142, 441 S.W. 2d 103 (1969). In a contested divorce case, relatively slight corroboration is required to establish the grounds for divorce. *Hair* v. *Hair,* 272 Ark. 80, 613 S.W. 2d 376 (1981). The chancellor's decision will be reversed, only when the appellate court finds that decision to be clearly erroneous or against a preponderance of the evidence, after giving due regard to his opportunity to determine the credibility of the witnesses. Ark. Rules of Civ. Proc. Rule 52 (a); *Andres* v. *Andres,* 1 Ark. App. 75, 613 S.W. 2d 404 (1981).

We hold that the chancellor had sufficient evidence from which he could find that the appellant had subjected the appellee to continued indignities so as to justify a granting of the divorce to appellee.

Appellant originally sought custody of the minor children, but she has since withdrawn her request for custody. Therefore, the custody issue is moot.

Appellant also argues that the chancellor erred in his unequal distribution of the stock owned by the parties. The chancellor found that the stock was acquired solely through the contributions, efforts, and contacts of the appellee and that the appellant contributed nothing to the acquisition of the stock, except her efforts as a homemaker. Arkansas Statutes Annotated § 34-1214 (Supp. 1981) provides that marital property is to be divided equally between the parties, unless the chancellor finds such a division to be inequitable. If the chancellor makes an unequal distribution of the property, he must set forth his reasons for doing so. That is exactly what happened in this case and we are unable to say that the chancellor, who observed the witnesses and was in a better position than we to judge their demeanor, was in error in making an unequal distribution of this property.

We also note that had appellee's counsel not submitted a supplemental abstract, this case would have had to be affirmed for failure of the appellant to properly abstract as required by Rules of the Supreme Court and Court of Appeals, Rule 9 (d), Ark. Stat. Ann. Vol. 3A (Repl. 1979).

Affirmed.

MAYFIELD, C.J., concurs.

CLONINGER, J., not participating.

MELVIN MAYFIELD, Chief Judge, concurring. I agree with the decision in this case, but, in my judgment, the last paragraph of the opinion needs clarification.

If the appellant's abstract is flagrantly deficient, I think

the judgment or decree may be affirmed without considering the merits of the appeal; that this may be done despite the fact that the appellee has submitted an abstract supplementing those deficiencies; and that this may be done whether or not the appellee has called the matter to the court's attention.