## Norfolk

### MILDRED L. PAPUCHIS

v.

### STEPHEN JOHN PAPUCHIS

No. 0281-85

Decided April 1, 1986

[black rectangle]
[black rectangle]

COUNSEL

Henry M. Schwan and Cynthia K. Baskett, on briefs, for appellant.

No appearance on behalf of appellee.

OPINION

**BARROW, J.**—In this appeal of a divorce decree we are asked to adopt a rebuttable presumption favoring equal division of marital property, but we decline to do so. We are also presented with issues of the adequacy of spousal support and the failure to grant a divorce on the grounds of adultery; however, we conclude that no error has been demonstrated, and we affirm the trial court's decision.

The wife, Mildred L. Papuchis, was granted a monetary award equal to less than fifty percent of the value of the marital property. She was awarded $6,000 payable within six months of the decree and $53,000 payable at the rate of $400 per month from her husband's pension plan.[1] Their marital property consisted of a jointly owned home valued at $51,500, the husband's pension plan, having a present value of $132,739.80, and two jointly owned cemetery plots valued at $1,048 each. The husband received a lump sum pension supplement in the amount of $22,108.68 two years after the parties separated, but he dissipated these funds prior to the divorce.

The trial court also considered the parties' other circumstances. They were married in 1948 and had three children, all of whom were emancipated at the time of the divorce. The wife, age fifty-nine, had a tenth grade education and had only been employed five or six months during the marriage. She suffers from arthritis,

---

[1] As required by Code § 20-107.3(G) this did not exceed 50% of the cash benefits actually received by the husband.

a growth in her hand and a hiatal hernia. The husband retired in January, 1984, from the Seafarer's International Union and receives a monthly pension benefit of $1,226.13.

The wife contends that the monetary award is inadequate and asserts that we should adopt a presumption that an equal division of marital property is equitable. The courts of some states use this presumption where statutory language directs it. *In Re Marriage of Pierson,* 294 Or. 117, 653 P.2d 1258, 1261 (1982); *Jasper* v. *Jasper,* 107 Wis.2d 59, 318 N.W.2d 792, 795 (1982); *Forsgren* v. *Forsgren,* 4 Ark. App. 286, 630 S.W.2d 64, 65 (1982); *White* v. *White,* 68 N.C. App. 432, 308 S.E.2d 68, 71 (1983); *Salisbury* v. *Salisbury,* 657 S.W.2d 761, 770 (Tenn. Ct. App. 1983). The courts of most other states are not so constrained and do not use this presumption. Annot., 41 A.L.R.4th 481, 502-04 (1985); *see, e.g., Ward* v. *Ward,* 52 Md. App. 336, 449 A.2d 443, 445 (1982); *Rothman* v. *Rothman,* 65 N.J. 219, 320 A.2d 496, 503 n.6 (1974).

■ The Virginia General Assembly has not adopted a statutory presumption of equal distribution. Instead, the applicable statute requires the trial court to determine the amount of the award and the method of its payment after considering eleven specific factors. Code § 20-107.3. This approach follows the recommendation of the legislative subcommittee which expressly rejected "any presumption in favor of an equal distribution of marital property." *Report of Joint Subcommittee Studying Section 20-107 of the Code of Virginia to the Governor and the General Assembly of Virginia,* House Doc. No. 21, at 8 (1982).

To use this presumption to determine a monetary award would undermine the legislature's recognition of "marriage as a partnership to which each party contributes, *albeit not always equally,* to the well being of the family unit." *Id.* at 7. (emphasis added). We therefore, decline to adopt the proposed presumption and further conclude that the trial court properly determined the amount of the monetary award after consideration of the eleven statutory factors.

■ We also conclude that the appellant has not demonstrated any other errors. She complains that the trial court failed to grant her a divorce on the additional ground of adultery, even though she was granted the divorce on the ground of desertion. The trial

court approved a commissioner's report recommending that the divorce be granted on the ground of desertion and not on the ground of adultery, and, since this was not "plainly wrong," it should be affirmed. *Hill* v. *Hill,* 227 Va. 569, 577, 318 S.E.2d 292, 296 (1984). She also complains that the award of spousal support of $175 per month was inadequate. However, in fixing spousal support a trial court has broad discretion which should not be interfered with by an appellate court unless it is clear that some injustice has been done, *Oliver* v. *Oliver,* 202 Va. 268, 272, 117 S.E.2d 59, 62 (1960), and no injustice occurred in the award of spousal support in this case.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Hodges, J., concurred.