COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


VIC T. DYE

v.   Record No. 1971-95-3                    MEMORANDUM OPINION*
                                                PER CURIAM
HELEN CREGGER DYE                            FEBRUARY 13, 1996


FROM THE CIRCUIT COURT OF SMYTH COUNTY
Charles B. Flannagan, II, Judge

(Robert Austin Vinyard; Vinyard and Moise,
on brief), for appellant.

(John H. Tate, Jr.; Gwyn & Tate, on brief),
for appellee.


    Vic T. Dye (husband) appeals the equitable distribution

decision of the circuit court awarding Helen Cregger Dye (wife)

seventy-five percent interest in the marital share of the

parties' residence.  Husband contends the trial court erred when

it failed to award him a fifty percent interest.  Upon reviewing

the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  Rule 5A:27.

     As husband recognizes, Virginia's equitable distribution

scheme does not provide "a statutory presumption of equal

distribution."  Papuchis v. Papuchis, 2 Va. App. 130, 132, 341

S.E.2d 829, 830-31 (1986).  "Moreover, in reviewing an equitable

distribution award, we rely heavily on the trial judge's

_____

    *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

discretion in weighing the particular circumstances of each case." Aster v. Gross, 7 Va. App. 1, 8, 371 S.E.2d 833, 837 (1988). The award "will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

The final decree demonstrates that the trial court considered the statutory factors and complied with the statutory requirements. The real and personal property of the parties was classified and valued. The decree expressly noted that the court "has considered the factors mentioned in § 20-107.3(E)," and referred to the factors "which the Court believes are fully set forth" in wife's memorandum.

The marital residence had formerly belonged to wife's family and wife retained an inherited twenty-five percent interest as her separate property. The trial court awarded wife seventy-five percent of the remaining share of the residence, which was classified as marital property and valued at $22,875.00. While wife received a larger share of this piece of realty, another piece of real estate was divided equally between the parties. In addition, husband received the greater portion of the parties' intangible marital property, receiving property worth $16,492.38, compared to wife's share worth $11,243.88.

The trial court's equitable distribution scheme was not plainly wrong or unsupported by the evidence. Therefore, we cannot say the trial court erred or abused its discretion by

2

awarding wife a greater share of the marital home.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>