COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Overton
Argued at Richmond, Virginia


STANLEY SMITH, JR.
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 0131-96-2           JUDGE JAMES W. BENTON, JR.
                                        JANUARY 7, 1997
ELISABETH C. SMITH


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Herbert C. Gill, Jr., Judge

              Charles O. Boyles (Gayle, Boyles & Culler, on
              brief), for appellant.

              Murray J. Janus (Deanna D. Cook; Bremner &
              Janus, on brief), for appellee.



     On this appeal from a final decree of divorce, Stanley

Smith, Jr., contends that the trial judge erred by (1) awarding

his wife 55% of the marital estate, (2) denying his request to

satisfy the entire property distribution award by a conveyance of

property, and (3) adopting a date for evaluating certain property

that was not established by the evidence.  On cross appeal,

Elisabeth C. Smith contends that the trial judge erred by failing

to award interest on the property distribution award from the

date the order was entered.

                              I.

     The wife filed this divorce action in the circuit court on

October 4, 1984 and alleged in her bill of complaint that the

husband was guilty of cruelty, desertion, and abandonment.  The

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

husband filed an answer and crossbill seeking a divorce on the ground that they had lived separate and apart for one year. A trial judge entered the final decree of divorce eleven years later.

The evidence in the record before the commissioner in chancery proved that the parties were married on October 14, 1949, and that they separated in 1983. The commissioner recommended that the wife be granted a divorce on grounds of desertion because the husband left the marital residence in August 1983. On review of the commissioner's report, the trial judge found that the evidence supported the grounds of desertion and confirmed that aspect of the commissioner's report.

After further hearings, the commissioner found that the law in effect in 1984 applied, that the parties had accumulated a marital estate valued at $3,184,607.59, and that the wife was entitled to a monetary award pursuant to Code § 20-107.3(D). Addressing the factors under Code § 20-107.3(E) for determining the award, the commissioner found that the parties' contributions to the well-being of the family were "relatively equal" and that both parties contributed to the acquisition and maintenance of the marital property. The commissioner also found that the wife was suffering from rheumatoid arthritis, a disabling disease which prevented her from maintaining full time employment, and that the husband continued to work full time. Finding that the husband's misconduct caused the dissolution of the marriage and

- 2 -

also had an economic impact on the marital property, the commissioner decided that the wife was entitled to a credit in her favor. After extensively addressing all the factors in Code § 20-107.3(E), the commissioner recommended that the wife be awarded 55% of the marital estate, or $1,751,534.17. None of the other recommendations made by the commissioner are at issue on this appeal.

Upon review of the commissioner's report and the parties' exceptions to that report, the trial judge affirmed the report except for the portion giving the wife a credit to account for the husband's misconduct in causing the dissolution of the marriage. The trial judge found that those "circumstances had little, if any, economic impact on the marital assets of the parties." Upon making his own analysis of the statutory factors and the evidence in the record, the trial judge ruled that the amount of the award recommended by the commissioner was nevertheless "reasonable and appropriate."

After the trial judge issued his ruling, counsel stipulated that certain properties should not be regarded as part of the marital estate. Thus, the total value of the marital estate was reduced to $2,997,607, causing the wife's 55% share to be reduced to $1,648,683. The trial judge approved the husband's conveyance of certain properties to the wife in partial satisfaction of the award and denied the husband's request that the remainder of the judgment be satisfied by transferring certain other properties to

the wife. After the husband conveyed to the wife properties with a total value of $1,471,229.59, the trial judge found that the husband still owed the wife $166,454.26 plus a portion of funds in an escrow account. The judge awarded judgment to the wife for $166,454.26 plus interest on that sum from the date of the May 4, 1995 order. The final decree was entered in December 1995.

## II.

"The goal of equitable distribution is to adjust the property interests of the spouses fairly and equitably." Booth v. Booth, 7 Va. App. 22, 27, 371 S.E.2d 569, 572 (1988). In so doing, the trial judge is required to "tak[e] into consideration the factors presented in Code § 20-107.3(E)." Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991). "This division or transfer of jointly owned marital property and the amount of any monetary award, subject to the enumerated statutory factors, is within the sound discretion of the trial court." Dietz v. Dietz, 17 Va. App. 203, 216, 436 S.E.2d 463, 471 (1993).

The husband argues that when the trial judge found that the husband's misconduct did not have an economic impact on the parties' marital assets, see Aster v. Gross, 7 Va. App. 1, 5-6, 371 S.E.2d 833, 836 (1988), the trial judge necessarily was required to adjust downward the percentage share of the marital property awarded to the wife. We disagree that a different division was a necessary consequence of the finding.

In Aster, this Court answered the inquiry "whether an award

of a disproportionate percentage of [marital property] to one party will, on its face, be error." 7 Va. App. at 7, 371 S.E.2d at 837. This Court ruled as follows:

> In Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986) we held that Code § 20-107.3 contains no presumption favoring equal division of marital property. Moreover, in reviewing an equitable distribution award, we rely heavily on the trial judge's discretion in weighing the particular circumstances of each case. Only under exceptional circumstances will we interfere with the exercise of the trial judge's discretion.

Aster, 7 Va. App. at 7-8, 371 S.E.2d at 837.

When the trial judge in this case ruled that the evidence did not support the commissioner's ruling that the husband's misconduct had an economic impact on the marital property, the trial judge then considered "all the factors of [Code] § 20-107.3" and the evidence in the record. Notwithstanding the commissioner's report, the trial judge was required to independently weigh the evidence.

> When a cause is referred to a commissioner in chancery the [trial judge] does not delegate his judicial function to him. The commissioner is appointed for the purpose of assisting the [trial judge] and not for the purpose of supplanting or replacing him. It is the duty of the [trial judge] to weigh the evidence according to correct principles of law and arrive at his own conclusions. Thus, in this case, it is our duty to evaluate the evidence and determine whether or not it supports the findings of the commissioner or the conclusions of the [trial judge].

Higgins v. Higgins, 205 Va. 324, 328-29, 136 S.E.2d 793, 796

- 5 -

(1964).

Although the coincidence that the trial judge and the commissioner reached the same percentage result in dividing the property might appear surprising, we cannot conclude from this record that the trial judge's analysis was erroneous. The record contains evidence of the wife's age and ill health that, when considered with the other evidence, could support the division favoring the wife. Thus, upon a full review of the record, we cannot say that the weight of the evidence is contrary to the trial judge's ruling or that the trial judge abused his discretion in weighing the evidence. See Aster, 7 Va. App. at 7-8, 371 S.E.2d at 837.

### III.

"The party against whom a monetary award is made may satisfy the award, in whole or in part, by conveyance of property, subject to the approval of the court." Code § 20-107.3(D). "[T]his provision serves to prevent unilateral action by the party seeking to make payment by the transfer of property." Payne v. Payne, 5 Va. App. 359, 366, 363 S.E.2d 428, 432 (1987).

The evidence proved that the majority of the marital property consisted of real estate. Much of the real estate was rental property, located in various places, and diverse in value. The trial judge allowed the husband to satisfy approximately ninety percent of the award by transferring property to the wife. In view of the diverse properties and the husband's knowledge of

the intrinsic values of the properties, we cannot say that the trial judge abused his discretion in requiring the husband to satisfy a small percentage of the award by making a cash payment. Accordingly, we hold that no evidence proved the trial judge abused his judicial discretion by not allowing the husband to satisfy the entire award by a transfer of property. See id. at 366-67, 363 S.E.2d at 432.

IV.

The husband contends that the trial judge adopted an evaluation date that was unsupported by the evidence. He argues that this occurred when the trial judge adjusted the marital estate to account for the sale of a property whose value had been set by stipulation of the parties. We find no error.

The record established that when the parties presented evidence before the commissioner they stipulated that the value of a specific rental property was $20,000. Before the equitable distribution award had been satisfied, the parties agreed to sell that property for $50,082.90 in cash and a second deed of trust note in the amount of $10,000, which was later paid in full. Following the sale, the trial judge adjusted the marital estate by deducting the stipulated $20,000 value of the property from the marital estate and recalculated the amount of the wife's 55% interest in the estate. The trial judge also ordered the proceeds of sale to be divided 55% to the wife and 45% to the husband.

The trial judge's disposition was a rational way to give effect to the decreed percentage division of the property. Contrary to the husband's argument, that adjustment did not violate any valuation principle recognized in <u>Wagner v. Wagner</u>, 15 Va. App. 120, 421 S.E.2d 218 (1992).

V.

The wife contends on her cross appeal that the trial judge erred in failing to award interest on the property distribution award from the date of entry of the award. We disagree.

The trial judge's decree required the husband to satisfy the property distribution award "within 180 days from March 17, 1994" and refused the wife's request to award interest on the award. We agree with the wife's argument that Brown v. Brown, 5 Va. App. 238, 361 S.E.2d 364 (1987), established that the trial judge was not authorized to make such an award payable within 180 days. See id. at 245-47, 361 S.E.2d at 368-69. However, Brown also explicitly states that Code § 20-107.3(D) authorizes the trial judge "to fix a date upon which the award was due and payable." Id. at 247, 361 S.E.2d at 369. Likewise, Code § 8.01-382 states that "[e]xcept as otherwise provided in [Code] § 8.3-122, in any . . . suit in equity, the . . . decree of the court, may . . . fix the period at which the interest shall commence."

Here, the trial judge explicitly ruled, in response to the wife's motion, that interest would not be awarded on the portion of the property distribution award to be satisfied by the transfer of property as approved by the judge. The trial judge did award the wife interest on the cash payment of $166,454.26 from May 4, 1995. In view of the trial judge's decision to award the wife 55% of the marital property, most of which was satisfied by a transfer of real estate, we find no error in the trial

judge's decision to deny interest on that portion of the award satisfied by a transfer of property.

For these reasons, the decree is affirmed.

<u>Affirmed</u>.