COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


STEVEN DAVID HAYKIN

                                    MEMORANDUM OPINION*
v.    Record No. 0403-02-2              PER CURIAM
                                     AUGUST 20, 2002
SUSAN K. D. HAYKIN


          FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  Gary A. Hicks, Judge

          (Nancy L. Quinn; Kanady & Quinn, P.C., on
          briefs), for appellant.

          (Janet E. Brown; Janet E. Brown, P.C., on
          brief), for appellee.


     Steven David Haykin (husband) appeals the decision of the

circuit court awarding Susan K.D. Haykin (wife) a final decree of

divorce.  He argues the trial court erred by (1) finding the

withdrawals he made from his retirement account subsequent to July

16, 1999 amounted to a dissipation of a marital asset, and (2)

ordering him to continue paying for wife's health insurance

coverage.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

     On appeal, we view the evidence and all reasonable

inferences in the light most favorable to wife as the party

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

### Background

On January 26, 1999, wife filed a bill of complaint for divorce and a motion for pendente lite relief.  The parties submitted a consent order which the court entered on July 16, 1999.  The order awarded wife exclusive possession of the marital home and required husband to pay wife monthly support of five hundred dollars for a six-month period.  The order also provided husband was to withdraw $15,000 from his individual retirement account (IRA) and pay the post-tax balance of $10,200 to wife as additional support.  The order specified that the $10,200 would be "assessed against [husband's] share of the parties' equitable distribution."  Finally, the consent order also provided that "neither party shall dispose of any marital assets absent the written agreement of the parties or court order."

In an August 2, 1999 opinion letter, the court ordered husband to continue to pay the monthly five hundred dollars in support and also required him to pay the mortgage and monthly utilities for the marital home.

At the time of the parties' separation, husband owned an IRA valued at $85,931.81.  Pursuant to the consent order, husband withdrew $15,000 from the account and paid the after-tax amount to wife.  Husband acknowledged that subsequent to the

-

July 16, 1999 order he made withdrawals from the IRA which totaled between $43,000 and $44,000. The withdrawals were not agreed upon by the parties or made pursuant to a court order.

On October 16, 2000, the court heard the parties on the issues of spousal support and equitable distribution. The trial court issued an opinion letter on November 6, 2000, ruling that all of the withdrawals husband made from the IRA should be assessed against him in the equitable distribution award. The court found the withdrawals were made in direct violation of the court's order enjoining the disposing of marital property. Additionally, the court ordered appellant to carry medical insurance coverage on wife for so long as it was available pursuant to COBRA.

## Analysis

### I.

Husband does not contend the IRA was not marital property. Instead, he argues he used the funds he withdrew from the account to pay for living expenses and that, therefore, he did not dissipate marital property.

"The husband had the burden to establish by a preponderance of the evidence that post-separation withdrawals of marital funds were used for a legitimate marital purpose." Howell v. Howell, 31 Va. App. 332, 348, 523 S.E.2d 514, 522 (2000) (citation omitted). Husband failed to document fully the expenditures he made with the IRA funds. The July 16, 1999

-

consent order ordered the parties not to dispose of any marital assets without the prior written approval of the other party or by court order. Husband, in direct violation of this order, withdrew a substantial amount of money from the IRA. The trial court rejected husband's explanation. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc). The trial court's conclusion that husband dissipated the marital property was supported by the evidence and not plainly wrong.

## II.

"[I]n fixing spousal support, a trial court has broad discretion which should not be interfered with by an appellate court unless it is clear that some injustice has been done." Papuchis v. Papuchis, 2 Va. App. 130, 133, 341 S.E.2d 829, 831 (1986).

The evidence showed wife incurs a large amount of medical expenses monthly. She testified she has repeatedly had coverage of her expenses denied by her workers' compensation insurance carrier. In the past, when coverage was denied, wife filed claims through husband's insurance carrier until the denial of coverage was resolved. Based upon this unrebutted evidence, the trial court ordered husband to pay the cost of health insurance

-

coverage through his work for as long as allowed under COBRA. We cannot say that the trial judge erred in the amount of support awarded.

Accordingly, we summarily affirm the decision of the trial court. <u>See</u> Rule 5A:27.

<u>Affirmed.   </u>