COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Alston and Senior Judge Willis
Argued at Alexandria, Virginia


DENESE MICHELLE MERRITT CANEDO

MEMORANDUM OPINION[*] BY
v.      Record No. 0851-12-4                         JUDGE JERE M.H. WILLIS, JR.
                                                      FEBRUARY 26, 2013

GUILLERMO ALBERTO CANEDO


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N.A. Kendrick, Judge Designate

Gwendolyn Jo M. Carlberg; Demian J. McGarry (The Carlberg Law
Firm; The McGarry Law Firm, PLLC, on briefs), for appellant.

Michael K. Murphy for appellee.


On appeal from a final decree of divorce, Denese Michelle Merritt Canedo (wife)

contends that the trial court erred (1) in awarding sole legal and physical custody of the parties'

child to Guillermo Alberto Canedo (husband) because he had allegedly sexually abused the child

while she provided the child excellent care; (2) in disregarding expert testimony that the child

was credible, had not been coached, and made spontaneous allegations of a sexual nature, and an

expert's diagnosis that the child had been sexually abused by husband; (3) in ordering supervised

visitation for wife, because none of the experts recommended supervised visitation and husband

did not ask for such; (4) in ruling that there was no history of family abuse and ignoring the

expert testimony that husband was a risk to the child; (5) in awarding 100% of the marital share

of the South Carolina property to husband and failing to award wife a separate interest when she

showed that she invested premarital funds in the purchase of the property;

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(6) in holding that husband's Arlington property was not transmuted into hybrid property because her "significant personal efforts and monetary contributions led to a substantial appreciation of the value of the property"; (7) in awarding husband child support arrearages for a time period when he did not have custody, when it awarded child support arrearages for a time period that he was not before the court, and when it failed to award child support arrearages to wife for a time period when she had physical custody of the child; (8) withdrawn; (9) in denying her a fair and impartial trial when it (a) failed to maintain decorum in the courtroom by (i) permitting husband, while testifying, to commit four outbursts wherein he raised his voice and verbally accused and threatened wife, (ii) ignoring the repeated requests of wife's counsel to admonish husband, (iii) failing to reprimand husband when he made sexually offensive comments to wife's counsel; and when it (b) adopted husband's findings of fact and conclusions of law in its letter opinion of August 1, 2011; (10) withdrawn; (11) withdrawn; (12) withdrawn; and (13) in denying wife access to the child's academic records and medical/hospital/other health records, pursuant to Code § 20-124.6(A) because such access would be "profoundly contrary to the minor child's best interests."[1]  We affirm the trial court's judgment in part, reverse it in part, and remand the case to the trial court for further proceedings consistent with this opinion.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on August 15, 2004 and separated on January 23, 2008.  They have one child, who was born in November 2005.

---

[1] Wife withdrew her eighth, tenth, eleventh, and twelfth assignments of error, so we will not consider them.

The parties each owned a home in Arlington prior to the marriage. During the marriage, they bought a home in South Carolina. Wife alleged, and the trial court found, that she paid the down payment on this property from her separate property. The trial court held, "[The South Carolina] property is jointly held. Husband does not dispute that the down payment for the home was made by wife and from her accounts."

During the marriage, they rented the Arlington homes and used the rental income to pay the mortgages on the Arlington homes and the South Carolina property.

On March 31, 2009, wife filed a complaint for divorce, to which husband responded. Each sought custody of the child, child support, equitable distribution, and attorney's fees and costs. Wife also sought spousal support.

On April 10, 2009, the trial court entered an order allowing wife to take the child to Italy, where she was moving to work.

Throughout the divorce proceedings, wife alleged that husband was sexually abusing their child. Husband denied this accusation. He alleged that wife was falsifying reports and alienating the child from him.

The trial court heard evidence relating to custody and equitable distribution on April 12-14 and May 23-24, 2011. The parties submitted their respective proposed findings of fact and conclusions of law.

On August 1, 2011, the trial court issued a letter opinion setting forth the following determinations: Wife would be awarded a divorce based on the parties' having lived separate and apart for more than one year; upon consideration of the factors in Code § 20-124.3, sole legal and physical custody of the child would be awarded to husband; and wife's allegations of sexual abuse of the child were unfounded. Wife would be granted supervised visitation and was not allowed access to the child's medical or school records.

The trial court further held that contrary to wife's arguments, husband's property in Arlington was his separate property and had not been transmuted to hybrid property. The South Carolina property would be awarded to husband.

On September 9, 2011 and November 17, 2011, the trial court conducted hearings related to child support and attorney's fees. It awarded presumptive child support to husband and held that wife owed $22,851 in child support arrearages. It denied each party's request for attorney's fees. On January 6, 2012, it entered the final decree of divorce, incorporating its letter opinion.

ANALYSIS

*Allegations of Abuse and Custody – Issues 1, 2, and 4*

Wife argues that the trial court abused its discretion when it awarded sole legal and physical custody of the child to husband and disregarded her evidence of husband's alleged sexual abuse of the child and his alleged history of family abuse.

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

Wife alleged that husband sexually abused the child. She took the child to several counselors who testified on her behalf. The trial court noted that the child had "undergone at least 6 interviews, forensic evaluations, and a SANE examination at the age of just 3.5 years old."

The trial court specifically found that wife's allegations of sexual abuse of the child were unfounded. It noted that the experts testifying on her behalf regarding the alleged abuse "made

- 4 -

their various diagnoses and findings of sexual abuse within a context established by [wife's] false allegations, misrepresentations, and calculated strategy of misinformation." It accepted the testimony from one of husband's witnesses that one of the interviews of the child was "conducted in such a poor way, and under circumstances such that the statements made by [the child] were unreliable on their face." It found that wife manipulated the child and had planted lies in the child's mind. It noted that none of the child's statements about alleged sexual abuse were "impromptu or spontaneous." It found, "[wife] planned those statements and manipulated [the child] so that the disclosures could be utilized when [wife] needed to gain advantage in the custody and divorce proceedings."

The trial court found wife "was not a credible witness" and "repeatedly misrepresented facts to the court on even the most basic matters." It went further to state, "[wife] has been dishonest with [husband], dishonest with [the child's] regular caregivers, dishonest with professionals who provided services to or for [the child], and at length, dishonest with this Court."

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted).

The record makes clear that the trial court found wife was not a credible witness and weighed her testimony accordingly. It saw and heard the witnesses and found husband's witnesses more credible. See Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) ("The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is

presented."). We affirm the trial court's finding and holding that husband had not abused the child.

Wife also contends that the trial court erred in concluding that husband had no history of family abuse. We disagree. The trial court found that there had been an "inappropriate incident" when husband was a juvenile, but that this incident did not rise to the level of family abuse. The record does not prove otherwise. Thus, we cannot say this holding was plainly wrong.

Wife further contends that the trial court erred in granting sole legal and physical custody of the child to husband. The trial court reviewed the factors in Code § 20-124.3 and discussed those factors in detail in its letter opinion. It found and held that the best interests of the child would be served by placing her in husband's custody because wife would not foster a proper relationship between the child and her father (husband). It found that wife had engaged in an "active campaign to alienate the father from the child."

The foregoing findings and holdings are supported by the record. Accordingly, we hold that the trial court did not abuse its discretion in awarding custody to husband.

*Supervised Visitation and Access to Records – Issues 3 and 13*

Wife argues that the trial court erred in granting her only supervised visitation and in denying her access to the child's medical and academic records. She argues the trial court exceeded its authority by ordering relief that husband had not requested. She argues that denying her access to the child's medical and academic records would "act as a permanent bar to future suits for modification" because she would be unable to "demonstrate whether her extremely infrequent and unreasonably restrictive visitation is having a negative impact." Wife did not raise these arguments to the trial court. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Wife further contends the trial court erred in ordering supervised visitation because there was no evidentiary support for this and none of the experts recommended it.

> In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child. . . . A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion, . . . and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.

Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990) (citations omitted).

Contrary to wife's arguments, evidence supports the trial court's requirement of supervised visitation. As noted above, the trial court found wife was not a credible witness and found her allegations of child sexual abuse to be unfounded. It held that she had not kept husband informed about the child and that she had unilaterally made decisions about the child. It found that she had provided little stability for the child, while she moved from Japan to Virginia to Italy to Germany, all in the span of three years. It found that she had emotionally abused the child and had "manipulated the child to believe her father sexually molested her, and that her father poses a risk to her, when these claims appear to the Court to be entirely fabricated." The trial court noted that wife used "punishment and reward tactics through sleep deprivation and food" to manipulate the child. It found that the child's "mental health and well-being have suffered from [wife's] alienation of [the child] from her [husband]" and "[wife] embarked on a campaign of denigration of [husband] to [the child]." The trial court stated, "[wife's] attempts to poison [the child's] mind regarding [husband] reveal that [wife] can not [sic] positively involve herself in [the child's] life, nor has she demonstrated the ability to assess and meet [the child's] emotional and intellectual needs." The trial court explained in detail wife's "campaign of parental alienation" and commented that "[wife's] propensity to actively support [the child's] relationship with [husband] is non-existent."

Viewed in the light most favorable to husband, the party prevailing below, the evidence supports the foregoing findings and holdings. The trial court did not err in ordering supervised visitation between wife and the child, and that judgment is affirmed.

*South Carolina Property – Issue 5*

Wife contends that the trial court erred in awarding the entire marital interest of the South Carolina property to husband.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

During their marriage, the parties purchased the South Carolina property. Wife paid the down payment from her separate property. The trial court held, "This property is jointly owned. Husband does not dispute that the down payment for the home was made by wife and from her accounts." Despite this acknowledgement, the trial court awarded the entire South Carolina property to husband. Wife contends the trial court erred by not awarding her the separate interest in the South Carolina property created by her traced separate property contribution. We agree.

> When marital property and separate property are commingled into newly acquired property resulting in the loss of identity of the contributing properties, the commingled property shall be deemed transmuted to marital property. However, to the extent the contributed property is retraceable by a preponderance of the evidence and was not a gift, the contributed property shall retain its original classification.

Code § 20-107.3(A)(3)(e).

Since both parties conceded that wife paid the down payment of the property from her traced separate property, the trial court erred in not awarding wife her separate interest in the South Carolina property. Therefore, we reverse the judgment of the trial court awarding the

- 8 -

South Carolina property in its entirety to husband and remand to the trial court for the determination of the value of wife's interest and proper equitable division of that property.

Wife also argues that the trial court erred by not awarding her fifty percent of the marital share. However, we note that there is no presumption of a 50/50 division. Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986).

As we are reversing and remanding the issue of the equitable distribution of the South Carolina property, we do not address wife's other arguments relating to the South Carolina property, leaving those issues to determination by the trial court on remand.

*Arlington Property – Issue 6*

Wife contends that the trial court erred in holding that husband's Arlington property was not transmuted into hybrid property.

"Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005) (citations omitted).

Husband owned the Arlington property for five years prior to the parties' marriage.[2] After the parties married, the Arlington property was rented, and the rental income was used to pay the mortgages on the Arlington property and the South Carolina property.

Wife contends the value of the Arlington property increased "substantially" during the marriage because of her personal efforts. She asserts that she managed and paid for the bathroom remodeling, kitchen retiling, drywall addition, hardwood floor refinishing, and crown-molding installation. She also maintains that she was the primary manager of the property by securing tenants, cleaning the property, and supervising the repairs.

---

[2] Wife also owned a home in Arlington prior to the parties' marriage. Like husband's Arlington property, wife's Arlington home was rented during the marriage, and the rental income was applied to the mortgages on her Arlington property and the South Carolina property.

Because the Arlington property belonged to husband prior to the marriage, it is presumed to be his separate property. Code § 20-107.3(A)(1); <u>Barnes v. Barnes</u>, 16 Va. App. 98, 104, 428 S.E.2d 294, 299 (1993) ("[P]roperty acquired during the marriage is presumed to be marital and property acquired before marriage is presumed to be separate.").

> In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.
>
> For purposes of this subdivision, the nonowning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value.

Code § 20-107.3(A)(3)(a).

Although wife alleged that she made contributions to the Arlington property, she failed to prove that the Arlington property increased in value during the marriage. She provided two appraisals to the trial court. One appraisal showed a value for the property "assuming the home was minus several improvements noted at inspection to [include] updates to floors, baths remodeled, kitchen appliances, electrical updates, and molding/trim." However, both values presented by wife's appraiser were as of March 2011. As the trial court noted, "Although wife's Virginia Real Property Appraiser, . . . testified as to the current value of husband's property, there is no evidence before this Court as to the value of the husband's pre-marital home at the time the parties married." The trial court concluded that it was unable to determine whether the property increased in value during the marriage due to wife's efforts.[3]

---

[3] The trial court further concluded, "The contributions made by wife were no more than those that would be expected from any spouse and were not extraordinary in that regard." Since we concluded that wife failed to present the necessary evidence to determine whether the Arlington property's value increased, we need not address whether her personal efforts were "significant" for purposes of Code § 20-107.3. See <u>Kilby v. Culpeper Cnty. Dep't of Soc.</u>

We, therefore, hold that because wife failed to present any evidence of the value of husband's Arlington property as of the date of the marriage, she failed to carry her burden of proving that property increased in value during the marriage. The trial court did not err in holding that husband's Arlington property did not transmute to hybrid, but was his separate property.

*Child Support Arrearages – Issue 7*

Wife argues that the trial court erred in awarding child support arrearages to husband. The trial court ordered that wife owed husband for child support, retroactive to March 31, 2009, which was the date of the filing of the initial pleading. The total arrearage amounted to $22,851. Wife contends husband did not have a prayer for child support before the trial court until June 1, 2009, when he filed his answer and counterclaim. Furthermore, wife insists that she should have been awarded child support arrearages because she had custody of the child from March 31, 2009 until May 24, 2011.

Code § 20-108.1 controls initial child support awards, and it states, "[l]iability for support shall be determined retroactively for the period measured from the date that the proceeding was commenced by the filing of an action with any court provided the complainant exercised due diligence in the service of the respondent . . . ." Code § 20-108.1(B); see also Cirrito v. Cirrito, 44 Va. App. 287, 309-10, 605 S.E.2d 268, 278-79 (2004).

Wife argues that husband received a windfall with the trial court awarding him child support for a time when he did not have custody of the child. As we have previously noted, "[t]here is no latitude under the statute." Id. at 310, 605 S.E.2d at 279. "'It is the responsibility of the legislature, not the judiciary, to formulate public policy, to strike the appropriate balance

Servs., 55 Va. App. 106, 108 n.1, 684 S.E.2d 219, 220 n.1 (2009) ("an appellate court decides cases on the best and narrowest ground available" (internal quotations and citations omitted)).

between competing interests . . . .'" Id. (quoting Wood v. Bd. of Supervisors of Halifax Cnty.,
236 Va. 104, 115, 372 S.E.2d 611, 618 (1988)).

Code § 20-108.1 states that child support shall commence as of the date the proceeding
was commenced. Wife argues that because husband did not file a pleading seeking child support
until June 1, 2009, his "proceeding" seeking child support was not commenced until that date.
Thus, she argues, the trial court erred in ordering her to pay him child support retroactive to
March 31, 2009. This issue is moot. Counsel for wife acknowledged in argument that wife had
satisfied the child support arrearage judgment by paying the ordered amount in full to husband.
Assuming without deciding that the trial court erred in determining the date from which the
support arrearage would accrue, wife cannot recoup her payment. See Nordstrom v. Nordstrom,
50 Va. App. 257, 266-67, 649 S.E.2d 200, 205 (2007). We dismiss as moot this assignment of
error without decision.

*Rule 5A:18 – Issue 9*

Wife argues that she did not receive a fair and impartial trial because the trial court failed
to maintain decorum in the courtroom. Wife cites several instances in which she claims the trial
court did not act appropriately or abused its discretion. On May 23, 2011, wife's counsel
cross-examined husband. On at least two occasions, counsel stopped her cross-examination and
told the trial judge that husband was raising his voice and pointing his finger at wife. The trial
judge repeatedly told counsel that nothing would happen to wife, and at one point, the trial court
sustained wife's objection. At no time, during the trial, did counsel allege that wife was not
receiving a fair trial.[4]

On May 24, 2011, wife's counsel continued her cross-examination of husband. Husband
stopped her at one point and asked her if she purposely had her blouse open. Counsel assured

_____

[4] Wife did not raise this objection until December 2011 and January 2012, which was
well after the trial had concluded.

him that she did not and continued with her cross-examination. She noted no objection to the trial court.

Wife also asserts that the trial court was not "faithful to the law" because it adopted husband's findings of facts and conclusions of law. She contends husband's pleading did not contain citations to the evidence or case law, so the trial court should not have adopted it. At no time did wife argue to the trial court that it was not being "faithful to the law" by adopting husband's findings of facts and conclusions of law.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18). "To be timely, an objection must be made when the occasion arises – at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

Since wife made no timely objection, we will not consider her ninth assignment of error.

*Attorney's Fees and Costs*

Both parties have requested an award of attorney's fees incurred on appeal.[5] See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Because this litigation "addressed appropriate and substantial issues," and "neither party generated unnecessary delay or expense in pursuit of its interests," Estate of Hackler v. Hackler, 44

---

[5] Husband also requested an award for costs incurred on appeal.

Va. App. 51, 75, 602 S.E.2d 426, 438 (2004), we decline to award either party attorney's fees and costs on appeal.

## CONCLUSION

For the reasons discussed above, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>