**Alexandria**

RANDOLPH C. KLEIN

v.

ELIZABETH SALOMON KLEIN

No. 1493-89-4

Decided October 9, 1990

156

**COUNSEL**

George E. Tuttle, Jr. (Hoeting, Tuttle & Woehrle, on brief), for appellant.

James Ray Cottrell (Gannon, Cottrell & Ward, on brief), for appellee.

OPINION

**DUFF, J.**—Randolph C. Klein (husband) appeals from a final decree of divorce granted to Elizabeth Salomon Klein (wife) on the ground that the parties have continuously lived separate and apart, without interruption, for a period of more than one year. Various assignments of error were made and briefed, but the primary focus of the appeal is the husband's assertion that the chancellor erred in prohibiting him from introducing evidence, at the equitable distribution hearing, regarding the circumstances and factors leading to the dissolution of the marriage.

The wife contends that the Decree of Reference required the Commissioner in Chancery to state the circumstances and factors which contributed to the dissolution of the marriage, specifically including any grounds for divorce in those situations where either party intended to seek a monetary award, as she did in this case. She further contends that two hearings were held before the commissioner, at the first of which the husband presented his evidence regarding fault. However, that evidence, for whatever reason, was not transcribed and is not in the record before us. She further asserts that the only asset of concern is the marital home, and that there is no evidence in the record that the circumstances that led to the break-up of the marriage could have affected the value of the home. *See Aster v. Gross*, 7 Va. App. 1, 5-6, 371 S.E.2d 833, 836 (1988). The husband made no proffer of the factors and circumstances which he alleges the chancellor erred in excluding. Under the circumstances presented by the record, we agree with the wife's contentions and affirm.

The parties were married in 1970, and separated in February 1984. The husband lived in the basement until August 1984, when he moved to an apartment of his own. Two children were born of the marriage, Alexander in 1971 and Nycole in 1972.

At the time of the separation, the parties lived in rental property and leased the marital property out as an investment, with the husband managing the rental thereof. The record contains evidence that he intended to renew the tenant's lease, which the wife

opposed. She employed an attorney in an effort to evict the tenants. Upon regaining possession of the home, she found it in a condition of severe neglect and was required to expend considerable funds and enlist the aid of friends and neighbors to repair the damage in order to make the house habitable. The wife and children then moved back into the house in September, 1986.

A Decree of Reference was entered by the court on September 6, 1984, directing the commissioner to "take the testimony and report on the same pursuant to the order heretofore entered applicable to all divorce suits in this Court." The prior order referred to in the Decree (entered September 21, 1983) directed the commissioner to state

The circumstances and factors which contributed to the dissolution of the marriage . . . for those situations in which either party intends to seek a monetary award under the so-called equitable distribution provisions of the Code of Virginia.

After various amendments to the pleadings, the cause was heard before the Commissioner in Chancery on September 20, 1988. The parties represented on brief and in argument before us that at the hearing the husband put on evidence of fault on the part of the wife, and of the factors and circumstances which led to the dissolution of the marriage. However, the evidence taken at this hearing was not transcribed and is not in the record. At a second hearing before the commissioner, on May 11, 1989, the husband orally amended his pleadings under Code § 20-121.02 and presented evidence supporting the granting of a divorce on the ground of one year's separation. No evidence was introduced at that hearing as to the cause of the failure of the marriage. The commissioner filed his report noting that testimony regarding fault, offered at the September 20, 1988, hearing was not transcribed, and that fault testimony was not presented at the May 11, 1989 hearing. No exceptions were filed to this report.

On May 17, 1989, an equitable distribution hearing was held before the chancellor. During the hearing, the court refused to allow Mr. Klein to testify to the circumstances leading to the dissolution of the marriage. The court commented in the record that, "Referring to the Commissioner, they put on evidence of those

circumstances, and apparently none was ever presented to the court by the commissioner."

■ The husband argues that Code § 20-107.3(E)(5)[1] allowed him to introduce such evidence before the chancellor at the equitable distribution hearing. However, the statute does not expressly require the chancellor to hear such evidence *ore tenus*. Its mandate is that "the amount. . . of any monetary award. . . shall be determined by the court after consideration of [various] factors."

The Decree of Reference, by reference to a previously entered order, required the commissioner to state the circumstances and factors which contributed to the dissolution of the marriage. The commissioner did not state such circumstances because the transcript of the evidence was not prepared and the parties proceeded to amend the grounds for divorce to one year's separation. We must decide whether a party has an absolute right to present fault evidence before the chancellor, as distinguished from a commissioner in chancery who has been appointed by the court to hear the evidence.

■ The use of commissioners in chancery has been of long standing in Virginia. Code § 8.01-607 authorizes each circuit court to "appoint such commissioners in chancery as may be deemed necessary for the convenient dispatch of the business of the court." The question of when it is proper, or may be useful, to resort to the aid of a commissioner is one which addresses itself to the sound discretion of the court. *Raiford v. Raiford*, 193 Va. 221, 226-27, 68 S.E.2d 888, 892 (1952). Furthermore, a cause may be heard by the court upon a commissioner's report. Exceptions to a commissioner's report shall be filed within ten days after such report has been filed with the court. Code § 8.01-615. We find it entirely compatible with the practice and statutory law of the Commonwealth for a court to refer questions regarding the circumstances and factors which contributed to the dissolution of the marriage to a commissioner in chancery. The court's subsequent consideration of the commissioner's report, and any exceptions which might be filed to it, satisfies the mandate of Code § 20-107.3(E)(5).

---

[1] A court must consider: (5) The circumstances and factors which contributed to the dissolution of the marriage, specifically including any ground for divorce under the provisions of § 20-91(1), (3) or (6) or § 20-95.

A litigant does not have a right to have evidence of this type heard twice, once before the commissioner and once *ore tenus* before the court. Motions for an *ore tenus* hearing can be addressed to the court's sound discretion in cases where the nature of the issue might merit it.

In this instance, no objection was raised to the Decree of Reference referring the case to the commissioner. The husband had the opportunity to present fault evidence at the initial hearing and did so. For whatever reason, he did not have the evidence transcribed. The second hearing was held under the authority of the same Decree of Reference, and the husband could have introduced fault evidence to the extent that it impacted on the wife's claim for equitable distribution. He did not do so. Due process requires no more than one opportunity to fully and fairly develop the evidence in support of a litigant's position. The husband has had that opportunity; however, by his failure to have the evidence transcribed and made a part of the record, by not introducing fault evidence at the second hearing, and by not filing an exception to the commissioner's report, which had made specific references to his failure to introduce fault evidence, he has waived his right to introduce it before the Chancellor.

Furthermore, the husband cannot challenge the court's ruling because he failed to make a proper proffer of the testimony that was excluded. When evidence is excluded by the court, the aggrieved party must make a proper proffer of the excluded testimony to preserve the ruling for appellate review. *Whittaker v. Commonwealth*, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977); *see Blount v. Commonwealth*, 213 Va. 807, 811, 195 S.E.2d 693, 696 (1973). The proffer may consist of a unilateral representation of counsel, if unchallenged, or a mutual stipulation of the proffered testimony. Absent such representation of counsel, or stipulation, the ruling will not be considered on appeal. There was no proffer in this case.

The husband also contends that in fashioning the equitable distribution award, the court gave undue weight to various gifts to the wife made primarily by her family both during the marriage, and in greater part, after the parties' separation. Our review of the record does not support this contention. The gravamen of the court's ruling was that the wife contributed more to the care and maintenance of the marital home than did the husband. The clear

inference is that, without such care and maintenance, there would have been no home for the court to consider at the equitable distribution hearing. The court is the judge of the credibility of the witnesses, and its findings are of great weight on appeal. *Shortridge v. Deel*, 224 Va. 589, 592, 299 S.E.2d 500, 502 (1983). We are not persuaded by the record that the court erred in this regard.

█ The husband next contends that the court erred in making an award of $5,000 attorney's fees to the wife. The wife's evidence consisted of itemized bills covering all charges made by counsel from August 21, 1984 through May 2, 1989, a total of $11,067.40. Evidence of the time expended and charges to the client is the preferred basis for an award of attorney's fees. *McGinnis v. McGinnis*, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Our review of the record reveals no abuse of discretion in the court's award of attorney's fees.

Finally, the husband contends that the court erred in awarding the wife the entire equity in the marital residence. He argues that the award was made because of numerous medical bills incurred by the wife, legal expenses, monies borrowed from her family, an IRS assessment and medical bills for the son. He further points out that he was current in his support obligation at the time of the hearing, even though there had been various lapses or delays in payments during the pendency of the litigation for which he offered an explanation.

█ Code § 20-107.3(C) authorizes the court to order the transfer of jointly-owned marital property based upon a consideration of the factors listed in subsection (E) of the statute. In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case. *Artis v. Artis*, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987). Unless it appears from the record that the chancellor has abused his discretion or has failed to consider or has misapplied one of the statutory factors, his determination will not be reversed on appeal. *Brown v. Brown*, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987). "[T]here is no presumption in Virginia favoring equal division of marital property . . . [although] a court is not constrained from making an equal division if it finds it appropriate to

do so upon consideration [of the statutory factors]." *Williams v. Williams*, 4 Va. App. 19, 22, 354 S.E.2d 64, 65 (1987); *see also Papuchis v. Papuchis*, 2 Va. App. 130, 341 S.E.2d 829 (1986).

After considering all of the evidence, the court observed that the wife had incurred considerable debts to her family, which money had been used to save the marital property. Instead of a monetary award, the court awarded her the marital home and noted that if it had made a monetary award, as such, it would have been as high as the husband's equity in the house. The record further demonstrates that specific consideration was given to all of the mandated statutory factors contained in Code § 20-107.3(E). Our review of the record discloses sufficient evidence from which the court could have found that the wife's contributions to the marriage far outweighed the husband's. We find no abuse of discretion and affirm the award.

Accordingly, the decree appealed from is

*Affirmed.*

Koontz, C.J., and Keenan, J., concurred.