COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


JOHN S. LEWIS
                                        MEMORANDUM OPINION*
v.    Record No. 1915-96-4                  PER CURIAM
                                         FEBRUARY 18, 1997
KATHLEEN A. CALLAHAN

            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                      Richard B. Potter, Judge

            (Robert B. Machen, on briefs), for appellant.

            (Margaret B. Craig; Surovell, Jackson, Colten &
            Dugan, on brief), for appellee.


     John S. Lewis appeals the decision of the circuit court

denying his motions to change custody and reduce or eliminate

child support.  The trial court ruled that Lewis had failed to

demonstrate a basis to transfer sole custody of the parties'

child, Joshua, from Kathleen A. Callahan.  Lewis presents fifteen

questions on appeal, and argues that the court failed to consider

the factors set out in Code § 20-124.3 in determining the child's

best interests.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

                        Change of Custody

     "In matters concerning custody and visitation, the welfare

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and best interests of the child are the 'primary, paramount, and controlling considerations.'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). In considering a petition to change child custody, a trial court applies a two-part test to determine "(1) whether there has been a [material] change of circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).

The trial court is required to consider the factors set out in Code § 20-124.3 when making custody and visitation decisions in the child's best interests. Lewis' issues one through eleven and fifteen challenge the trial court's decision that Callahan retain sole custody. As the party seeking reversal of the trial court's decision, Lewis bears the burden to demonstrate error by record proof. Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991).

Issues 1 and 2. Lewis contends the court abused its discretion in allowing Callahan to retain sole custody because it was not in Joshua's best interest to stay in day care before and after school. Lewis alleged that, because he worked at home, he could care for Joshua.

The trial court noted that the evidence indicated that Joshua's "experience in day care has been a good one and a positive one. So, I don't think there is anything detrimental in

2

day care in this case."  Furthermore, noting that Lewis' efforts to restore his income to previous levels would take him away from home, the court determined that the issue of day care was not sufficient ground to change custody.  We find no abuse of discretion in the court's determination.

Issue 3.  Lewis argues that day care prevented Joshua from interacting with his teenage half-siblings each day.  As noted above, the trial court found the issue of day care was an insufficient basis for modifying custody.

Issues 4, 6, 8, 10 and 11.  Lewis contends that the trial court abused its discretion by failing to consider evidence of the parties' respective willingness to cooperate with each other. See Code § 20-124.3(6).  In support of his contention, Lewis argues that he demonstrated his ability to cooperate through his good relationship with his first ex-wife and her family.  Lewis called his first ex-wife and former mother-in-law as witnesses.  They testified that they had good relationships with Lewis and endorsed Lewis' abilities as a father.

Lewis claimed that Callahan refused to cooperate with him, made false allegations of abuse by the half-siblings, and would not allow additional visitation and contacts unless ordered to do so by the court.  In its ruling, the court expressly addressed the parties' ability to cooperate with each other.  Having seen the witnesses and heard their testimony, the court concluded that "there has been some miscommunications in the past," that

3

"[t]here has been some animosity and some mistakes in communication . . . by both parents in this case," and that "both of them have overreacted at certain times." Thus, contrary to Lewis' contention, the trial court concluded that both parents had been less than fully cooperative.

"The court is the judge of the credibility of the witnesses, and its findings are of great weight on appeal." Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 869 (1990). The court considered the statutory factor and made its ruling based upon the evidence presented and its assessment of the witnesses' credibility. Lewis has not demonstrated that the trial court abused its discretion in its weighing of this factor.

Issue 5. Lewis contends, without reference to the record, that Callahan refused to allow him to have telephone contact with Joshua. "We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 238 (1992). Lewis has failed to demonstrate reversible error relating to this issue.

Issue 7. Lewis testified about an incident in which Callahan threatened him with court action if he visited Joshua's day care without her knowledge. He contends that the incident demonstrates her inability to cooperate in matters affecting the child. As noted above, the trial court considered the parties' respective cooperation, and we find no abuse of discretion in the

4

trial court's determination.

Issue 9.  Lewis contends, without citation to authority or the record, that Callahan was unable to instill family values in Joshua.  The court found that Callahan had been a good and responsible mother.  We do not address this contention further. Buchanan, 14 Va. App. at 56, 415 S.E.2d at 238.

Issue 15.  Finally, Lewis contends that the trial court abused its discretion by failing to consider the adverse health consequences to Joshua of being in the sole custody of Callahan.  The trial court found Joshua to be in generally good physical health.

> In terms of his physical health, he has had respiratory infections.  There is no expert evidence presented as to the cause of those infections, other than to say they appear to be normal infections, seasonal infections during the winter months, including no expert testimony as to the impact of smoking by [Callahan] on Joshua.
>
> Obviously, smoking would have impact on somebody with respiratory problems.  But other than [Lewis'] opinion, I do not have any evidence as to any impact of that smoking.  And, in any event, she has testified that she gave up smoking in February of 1996, so it is a moot issue as far as I am concerned today.

Therefore, there is insufficient evidence to support Lewis' contention on appeal.

### Child Support

"Once a child support award has been entered, only a showing of a material change in circumstances will justify modification

5

of the support award.  The moving party has the burden of proving a material change by a preponderance of the evidence." Crabtree v. Crabtree, 17 Va. App. 81, 88, 435 S.E.2d 883, 888 (1993).

In Issue 12, Lewis contends the trial court failed to consider the expenses paid by him for his two other children when determining child support for Joshua.  The record demonstrates that the court considered those expenses and reduced Lewis' support payment.  The court specifically noted that "while [Lewis] seeks a reduction in child support for Joshua, it can be noted that he seeks no support relief for [the half-siblings]." We find no abuse of discretion on the part of the trial court.

In Issue 13, Lewis contends that the court failed to consider his ability to provide day care when making the support award.  See Code § 20-108.2(F).  The court considered, but rejected, Lewis' ability to provide day care, noting that as Lewis returned to his full earning capacity, he would likely be available less freely.  Lewis has not demonstrated reversible error on the part of the trial court.

### Ex Parte Motion

Lewis contends, without citation to the record or to authority, that the trial court erred by reviewing an "ex parte motion to dismiss."  The certificate of service in the record demonstrates that Lewis was served with the motion by both facsimile and hand delivery.  Moreover, there is no indication in the record that Lewis raised any objection to this motion or its

6

subsequent denial by the court.  Therefore, we do not consider this contention further.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>