COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


B. JACQUELYNE MORRELL
                                        MEMORANDUM OPINION*
v.          Record No. 2881-96-1              PER CURIAM
                                           JUNE 24, 1997
CHARLES MORRELL


                FROM THE CIRCUIT COURT OF YORK COUNTY
                    N. Prentis Smiley, Jr., Judge

             (Kenneth B. Murov; Jones, Blechman, Woltz &
             Kelly, on briefs), for appellant.

             (Paul M. Lipkin; Goldblatt, Lipkin & Cohen,
             on brief), for appellee.


     B. Jacquelyne Morrell (wife) appeals the equitable

distribution decision of the circuit court.  Wife contends that

the trial court erred by (1) equally dividing the parties'

marital assets; (2) failing to properly consider the

circumstances which contributed to the dissolution of the

marriage, see Code § 20-107.3(E)(5); (3) excluding evidence of

debts wife incurred to pay marital debt and maintain marital

assets; and (4) awarding attorney's fees to Charles Morrell

(husband).  Upon reviewing the record and briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  Rule 5A:27.


        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"In reviewing an equitable distribution award on appeal, we recognize that the trial court's job is a difficult one. Accordingly, we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987).

> "Unless it appears from the record that the [trial judge] has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the . . . equitable distribution award will not be reversed on appeal."

Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987) (citation omitted).

Wife contends that the trial court erred in equally distributing the parties' marital assets. There is no presumption in Virginia favoring equal division of marital property. See Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986). Both parties worked throughout the marriage and devoted time to manage their various real estate and commercial undertakings. While husband acknowledged wife's monetary and nonmonetary contributions to the family and the acquisition of marital assets, wife "refuse[d] to acknowledge in great part [husband's] contribution" to either the family's well-being or to the acquisition, care, and maintenance of

marital property.

"The court is the judge of the credibility of the witnesses, and its findings are of great weight on appeal." Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 869 (1990). The trial court found husband's testimony more credible. Based in part on that testimony, the court found that the parties made equal monetary contributions to the family and that husband made the greater nonmonetary contributions. The trial court found that the evidence "amply supports the Husband's request for an equal division." The record does not demonstrate that the court erred in giving each party fifty percent of the marital assets.

## Code § 20-107.3(E)(5)

In considering the "amount of any division or transfer of jointly owned marital property," the court is expressly authorized to consider the "circumstances and factors which contributed to the dissolution of the marriage." Code § 20-107.3(E)(5). While noting that the parties received a "no-fault" divorce, the court found that wife "was an angry person" who contributed negatively to the marriage and who conducted herself "hostilely toward [husband], her employees, and patrons of their business" and who was "frequently . . . in conflicts" with husband, her family, employees, and customers. The trial court ruled that wife's temper was a factor in the demise of the parties' marriage and was a relevant factor to be considered in the equitable distribution.

Husband's testimony, as well as the testimony of at least one employee, supported the court's finding.  The weight to be afforded this factor was left to the court's discretion, and we find no abuse of that discretion.

## Marital Debt

Wife contends the trial court erred by excluding her evidence concerning debts she incurred in maintaining and caring for the property.  However, the trial court allowed wife an opportunity to establish that the debts were related to the marital assets.  The court found that wife's records were insufficient to link the expenses with any marital assets.  The record does not support wife's claim that she was denied an opportunity to prove she incurred debts for the maintenance of marital assets.  Wife was given an opportunity but was unable to substantiate her claims.

## Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances.  See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  The court awarded husband $2,000 in fees, ruling that wife "has contributed significantly to the protracted litigation in her recalcitrant conduct and attitude."

- 4 -

The record reflects the fact that wife's inability to substantiate her claimed debts required an hour recess and the subsequent rescheduling of the remainder of the hearing. We cannot say that the award was unreasonable or that the trial court abused its discretion in making the award.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>