COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Frank and Clements

CRAIG A. KNEPP

v. Record No. 1801-02-2

LINDA E. NIECE

MEMORANDUM OPINION[*]
PER CURIAM
JANUARY 28, 2003

FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

(John H. Goots; Chenault & Goots, PLC, on brief), for appellant.

(Jennifer E. Crossland; Parcell, Webb & Wallerstein, on brief), for appellee.

Craig A. Knepp (husband) appeals the decision of the circuit court awarding Linda E. Niece (wife) a divorce. On appeal, husband contends the trial court erred in awarding wife (1) a divorce on the ground of desertion, (2) $25,000 for her interest in a business, and (3) spousal support. Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

The parties married in 1967 and separated on August 21, 1999. Wife testified she learned husband had had a sexual relationship with his secretary. She also stated husband told her to leave the marital home.

During their marriage, husband purchased an interest in the company Brummell & Associates. He testified he borrowed money from Christopher Goad to finance the purchase. However, the corporate records list appellant as the owner of the stock. Husband's expert witness valued husband's stock in the business at $82,500. The court awarded wife $25,000 for her interest in the asset.

Wife testified she worked part-time during the marriage performing clerical and secretarial work. After the parties separated, wife returned to full-time work. Husband is in good health and has a graduate degree in business. Wife's income and expense statement indicated a monthly need of $934. Husband's monthly expenses listed over $700 to support his adult daughters and also included the $704 he was ordered to pay as *pendente lite* spousal support. Husband admitted he used his business account to pay personal expenses. The court awarded wife $500 per month in spousal support.

## Analysis

I.

"'Desertion is a breach of matrimonial duty, and is composed first, of the actual breaking off of the marital cohabitation, and secondly, an intent to desert in the mind of the offender. Both must combine to make the desertion complete.'" Zinkhan v. Zinkhan, 2 Va. App. 200, 205, 342 S.E.2d 658, 660 (1986) (quoting Nash v. Nash, 200 Va. 890, 893, 108 S.E.2d 350, 352 (1959)). "The burden of proving desertion should be by a preponderance of the evidence." Bacon v. Bacon, 3 Va. App. 484, 490, 351 S.E.2d 37, 40-41 (1987).

Wife testified appellant was having an affair and that he ordered her to leave the house. "The law is settled that desertion as a ground for divorce does not depend on which spouse actually leaves the family home." Dexter v. Dexter, 7 Va. App. 36, 42, 371 S.E.2d 816, 819 (1988). The evidence established that appellant intended to leave the marriage and broke off the marital cohabitation by ordering wife to leave the house.

II.

The court ordered husband to pay wife $25,000 for her interest in the business "Brummell & Associates." "In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the

many considerations and circumstances that are presented in each case." Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990). "Unless the record shows that the trial judge has abused his or her discretion by misapplying the statutory factors, the trial judge's determination will not be reversed on appeal." Moran v. Moran, 29 Va. App. 408, 417, 512 S.E.2d 834, 838 (1999). Husband unquestionably owned the stock at the time the parties separated. The court properly classified the property as marital and did not err by awarding a portion of its value to wife.

III.

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998).

Appellant argues the trial court failed to consider the necessary statutory factors.

> The requirement that the trial court consider all of the statutory factors necessarily implies substantive consideration of the evidence presented as it relates to all of these factors. This does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented. Therefore, we hold that in a determination involving spousal support, if the court's findings do not have evidentiary support in the record, then the court has abused its discretion.

Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). Evidence concerning the income and expenses of the parties established a foundation supporting the court's award of spousal support.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.