COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Coleman
Argued at Richmond, Virginia


ELIZABETH G. SCOTT

                                                     MEMORANDUM OPINION* BY
v.        Record No. 2804-02-4                       JUDGE SAM W. COLEMAN III
                                                          JANUARY 6, 2004
MICHAEL R. SCOTT


                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Jonathan C. Thacher, Judge

            Sean P. Kelly (Dov M. Szego; Condo, Masterman, Kelly & Roop,
            P.C., on briefs), for appellant.

            Michael R. Scott, pro se.


        Elizabeth G. Scott (wife) appeals the trial court's equitable distribution ruling that was

incorporated by reference into the final decree awarding Michael R. Scott (husband) a divorce.

On appeal, wife contends the trial court erred by (1) determining a condominium in San Diego,

California was husband's separate property, (2) failing to award her an equitable share of the

condominium, (3) failing to award her attorney's fees and costs, (4) failing to award her a

monetary award for a share of the parties' 2000 tax refund, (5) failing to award her a monetary

award for her share of a $7,000 outstanding loan made during the parties' marriage, (6) imputing

income to wife for spousal support calculation purposes, and (7) awarding her only $3,000

monthly spousal support.  For the reasons that follow we affirm in part and reverse and remand

in part.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

So viewed, the evidence proved the parties married on August 29, 1981 and separated on May 25, 2001. They remained separate and apart, without interruption or cohabitation, after that date.

During the marriage, husband worked as an airline pilot and as an officer in the Navy reserves. Wife worked as a flight attendant. In 1996, wife stopped working and stayed at home with the parties' three children, one of whom was emancipated at the time of the hearing.

Husband purchased the San Diego condominium in 1978 prior to the marriage for $85,000, of which he financed $68,000. Husband refinanced the property once before the marriage and twice during the marriage. At the second refinancing, husband, by executing a deed of conveyance, retitled the condominium as jointly owned with wife, as required by the lender.

At the time of trial, husband earned $17,000 monthly. Wife worked part-time as a sales clerk earning ten dollars per hour. Expert testimony indicated wife is employable at salary ranges exceeding $30,000. The court imputed to wife a $30,000 salary. Based upon the imputed income and wife's reasonable expenses of $5,488 per month, the court awarded wife $3,000 per month in spousal support.

Analysis

I. and II.

Wife asserts the trial court erred in its equitable distribution ruling by classifying the San Diego condominium as husband's separate property.

"In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990). "A decision regarding equitable distribution . . . will not be reversed unless it is plainly wrong or without evidence to support it." Rahbaran v. Rahbaran, 26 Va. App. 195, 205, 494 S.E.2d 135, 139 (1997).

Code § 20-107.3, which governs equitable distribution awards, requires a trial court to classify and evaluate the parties' marital and separate properties. The court is not required to classify property as all separate or all marital. See Smoot v. Smoot, 233 Va. 435, 357 S.E.2d 728 (1987). Applying Code § 20-107.3(A), the court may classify the property as separate or marital, or part separate and part marital. See Hart v. Hart, 27 Va. App. 46, 65-66, 497 S.E.2d 496, 505 (1998) (approving a formula that apportions the marital and separate components of hybrid property in the same percentages as the parties' contributions to the total equity of the property).

Marital property includes "all property titled in the names of both parties" and property acquired by either spouse during the marriage "in the absence of satisfactory evidence that it is separate property." Code § 20-107.3(A)(2). Separate property is:

> (i) all property, real and personal, acquired by either party before the marriage; (ii) all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party; (iii) all property acquired during the marriage in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property; and (iv) that part of any property classified as separate pursuant to subdivision A 3.

Code § 20-107.3(A)(1).

Significantly, Code § 20-107.3(A)(3)(f) provides:

> When separate property is retitled in the joint names of the parties, the retitled property shall be deemed transmuted to marital property. However, to the extent the property is retraceable by a

- 3 -

preponderance of the evidence and was not a gift, the retitled
property shall retain its original classification.

Also, Code § 20-107.3(A)(3)(e) allows the trial court to find separate property exists, when marital and separate property are commingled "to the extent the contributed property is retraceable by a preponderance of the evidence and was not a gift."

Here, the trial court did not find that the rights and equities of the parties in the San Diego condominium justified awarding the entire property to husband, but instead *classified* the condominium as separate property. The court concluded the condominium was "simply separate property of the husband," without making a finding that either the deed was not a deed of gift or husband had retraced the jointly titled property to separate property. The facts do not support that classification.

The condominium, which had been purchased by husband prior to the marriage, was later jointly titled during the marriage and, therefore, pursuant to Code § 20-107.3(A)(2) was presumed to be marital property. At that point, the trial court was required to determine whether husband had proven that the deed retitling the property was not a deed of gift. The trial court did not address whether the husband had satisfied his burden of proof on that issue and made no finding thereon. But, accepting for our analysis that the husband carried his burden of proof that the deed was not a gift, the burden remained on husband in order to establish that the condominium was his separate property to establish that all of the funds used to pay for and acquire the property during the marriage could be traced to his separate funds. See Rexrode v. Rexrode, 1 Va. App. 385, 392, 339 S.E.2d 544, 548 (1986). Although the trial court found that "[n]o marital funds were spent to maintain or increase the value of [the condominium] . . . [t]o the contrary, this asset provided funds to the marriage from excess rents received on the property after payment of the mortgage," the evidence showed the contrary.

- 4 -

While husband had purchased the condominium prior to marriage and had established considerable separate equity in the property prior to marriage, the funds used to pay the mortgage were not shown to be his separate funds. See Code § 20-107(A)(3)(d) and Moran v. Moran, 29 Va. App. 408, 413, 512 S.E.2d 834, 836 (1999) (finding that "[t]he 'acquisition' of property refers to the process of purchasing and paying for property" and that when "marital funds were used to pay the mortgage, the trial court did not err in classifying the . . . property as hybrid . . ."). Husband testified that at all times the rental income from the property was more than enough to meet the mortgage payments, except for brief periods that the condominium may have been unoccupied. However, he further testified that the rental payments were deposited and commingled in an account with other marital funds from which wife paid other marital expenses. He further explained that he paid the mortgage from a separate marital account that he controlled which contained marital funds. Thus, the rental funds were not maintained in a separate and discrete fund from which we can say or the trial court could conclude that the purchase money mortgage was serviced exclusively from separate funds. Therefore, while husband may have adequately retraced the rental payments to accounts used to pay the mortgage payments, the husband failed, as a matter of law, to retrace the funds as his separate property. Thus, the evidence failed to rebut the marital property presumption and the court erred in classifying the condominium as the husband's separate property. Therefore, we reverse the trial court's classification of the San Diego condominium as separate property, and remand for the court to reclassify the property and to equitably distribute the value of the condominium according to the rights and equities of the parties. See Code § 20-107.3(A), Hart, 27 Va. App. at 65-66, 497 S.E.2d at 505, and Rahbaran v. Rahbaran, 26 Va. App. 195, 494 S.E.2d 135 (1997) (addressing hybrid property).

III.

Wife contends the trial court abused its discretion by failing to award her attorney's fees.

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "[T]he key to a proper award of counsel fees [is] . . . reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Wife contends she was forced to incur high attorney's fees due to husband's "unreasonable positions on spousal support and equitable distribution." She further asserts that because husband earns significantly more than she does, that he "has the ability to pay such fees far in excess of [her] ability" to pay them. The trial court found that both parties "incurred legal debt as a result of the divorce proceedings in this case." We cannot say that the court's refusal to award wife attorney's fees was unreasonable or that the trial judge abused his discretion.

IV.

Wife contends the trial court erred by failing to award her a portion of the joint tax refund which husband received for the tax year 2000.

Husband testified he and wife agreed that husband would receive the entire tax refund for 2000 in return for husband assuming sole responsibility for 2001 capital gains taxes on the sale of marital property in Georgia. Husband used the money from the tax refund to pay a portion of the parties' son's college expenses and other marital bills.

While the trial court may have accepted husband's account of the agreement, the court did not address the issue and made no disposition of this marital asset. Accordingly, on remand the trial court shall address and decide this issue.

V.

Wife also asserts "the trial court erred by failing to require husband to reimburse wife for her share of the funds given to his brother from the marital Schwab account."

Husband loaned his brother $7,000 from the parties' joint marital Schwab account. Husband claimed his brother repaid the debt. However, the record includes only a check from husband's brother that was returned for insufficient funds. Although husband asserted his brother repaid the money in smaller increments and that husband then deposited the amounts into the Schwab account, he was unable to produce any documentary evidence to support his claim. Husband acknowledged at oral argument that the loan was not repaid. Because the $7,000 loan remains as a marital asset, on remand the trial court shall decide how to equitably distribute that asset.

VI. and VII.

Wife contends the trial court erred in its spousal support determination.

Imputation of Income

"[A] court may impute income to a party who is voluntarily unemployed or underemployed. Imputation of income is based on the principle that a spouse should not be allowed to choose a low paying position that penalizes the other spouse or any children entitled to support." Calvert v. Calvert, 18 Va. App. 781, 784-85, 447 S.E.2d 875, 876-77 (1994) (citations omitted).

> Whether a person is voluntarily unemployed or underemployed is a factual determination. In evaluating a request to impute income, the trial court must "consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children."

Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999) (citation omitted).

Wife worked full time for fifteen years of the parties' nineteen-year marriage. David Beckerman, a vocational counselor, testified as an expert on vocational issues. He concluded that based upon wife's experience as a flight attendant, in which she assisted with labor disputes and supervised a crew of flight attendants, she was currently "considerably underemployed." Beckerman found there were no economic or medical reasons for her underemployment and that she would need "very little training" to enter the labor force at a "somewhat higher level of employment." Beckerman estimated that without any additional training, wife could earn between $22,520 and $33,360 per year in an entry level position commensurate with her experience and abilities.

"Imputation of income is within the trial judge's discretion . . . ." Sargent v. Sargent, 20 Va. App. 694, 704, 460 S.E.2d 596, 601 (1995). The evidence supports the trial court's imputation of a $30,000 salary to wife.

### Spousal Support

Because the trial court is required on remand to reconsider the equitable distribution award, and because the award is a factor that the court must consider in determining spousal support, see Code § 20-107.1(E)(8), the trial court shall also reconsider on remand the effect of its equitable distribution award upon spousal support.

Wife has requested attorney's fees for matters relating to this appeal. Upon consideration of the record, we hold that wife is entitled to reasonable attorney's fees for prosecuting her appeal; the trial court shall determine that amount upon remand.

For the foregoing reasons, we affirm the trial court in part but reverse and remand for consideration of the foregoing issues.

Affirmed in part,
reversed and
remanded in part.